**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                 **Case No. 10-C-0409
                                                  (Criminal Case No. 08-Cr-53)**

**ANTHONY L. JONES,**

        **Movant.**

---

## DECISION AND ORDER

---

This matter is before the Court on the pro se motion of the Movant, Anthony L. Jones ("Jones"), under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Jones was charged with counts one and seven of a 20 count indictment. Jones plead guilty before this Court on November 25, 2008, to count one charging him with conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of crack pursuant to 21 U.S.C. 846 and §§ 841(a)(1) (2006). As part of Jones's plea agreement, count seven was dismissed at the time of sentencing. (Plea Agreement ¶ 8.)

At his May 19, 2009, sentencing, Jones's base offense level was initially calculated as level 32 pursuant to U.S.S.G. § 2D1.1(a)(3) and (c)(4). However, Jones qualified as a career offender under U.S.S.G. § 4B1.1. Consequently, Jones's base offense level was calculated as level 37 pursuant to U.S.S.G. § 4B1.1. Jones's base offense level of 37 was subsequently reduced two levels for his acceptance of responsibility pursuant to U.S.S.G.

§ 3E1.1(a). An additional single level reduction was granted, upon motion by the government pursuant to U.S.S.G. § 3E1.1(b). Thus, Jones's final offense level was determined to be level 34.

The application of the career offender Guidelines subjected Jones to an automatic criminal history category of VI pursuant to § 4B1.1(b). This Court granted Jones's motion for downward departure, reducing his criminal history category from VI to V. Thus, the range for Jones's sentence was 235 to 293 months. *See* U.S.S.G. Sentencing Table Ch. 5, Pt. A. Jones's sentence was further reduced by 30 percent from the lowest end of the range, 235 months, upon motion by the government pursuant to U.S.S.G. § 5K1.1. This Court sentenced Jones on May 19, 2009, to 164 months imprisonment and five years of supervised release.

Liberally construed, Jones contends that (1) his sentence was partially based on applying a 100:1 ratio for conspiracy to distribute of crack cocaine, which he alleges is unconstitutional, (2) his sentence was imposed under U.S.S.G. § 4B1.1, "negating [Jones] from receiving a 2 point reduction of his offense level" (Movant Br. 4) pursuant to amendments 706 and 711 to U.S.S.G. § 2D1.1, (3) he should be afforded a resentencing hearing because his base offense level pursuant to U.S.S.G. § 4B1.1 was imposed under the incorrect presumption that the Sentencing Guidelines for career offenders was mandatory rather than advisory, and (4) his court-appointed attorney was ineffective because he did not raise the first three grounds during Jones's sentencing hearing or on direct appeal.

Jones's motion is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A district

court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005) (quoting 28 U.S.C. § 2255 ¶ 2). "If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also*, *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006). Under 28 U.S.C. § 2255, a federal prisoner may ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law."

Jones contends in his first ground for relief that his sentence was partially based on applying a 100:1 ratio for distribution of crack cocaine, as recommended by the Sentencing Guidelines. Jones maintains that he should be given the benefit of a resentencing hearing with the Court applying a 1:1 ratio for the 50 grams of crack because the 1:1 ratio is "the only Constitutional ratio which eliminates the disparity between crack and powder cocaine." (Motion 8.)

In *United States v. Corner*, the Court of Appeals states:

a judge who understands what the [Sentencing] Commission recommends, and takes account of the multiple criteria in § 3553(a), may disagree with the Commission's recommendation[s] categorically, as well as in a particular case . .

3

> . . [J]udges are as free to disagree with [U.S.S.G. § 4B1.1] as they are with § 2D1.1(c) (which sets the crack/powder ratio). No judge is *required* to sentence at variance with a Guideline, but every judge is at liberty to do so.

598 F.3d 411, 416 (7th Cir. 2010) (citing *United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Spears v. United States*, __ U.S. __, 129 S.Ct. 840 (2009)). Although district court judges are free to disagree with the Sentencing Guidelines's 100:1 ratio in determining sentences involving cocaine and crack, the ratio is constitutional and has been repeatedly upheld against numerous challenges. *See United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir. 1997).

Jones did not specifically request that the Court consider the 100:1 disparity between crack and powder cocaine when determining his sentence. In Jones's plea agreement, he accepted that the government would be able to prove beyond a reasonable doubt that "the offense to which the defendant is pleading guilty involved at least 50 grams of cocaine base in the form of crack cocaine and at least five kilograms of cocaine." (Plea Agreement ¶ 9.)

In *United States v. Taylor*, the court explained that "[n]ormally, a district court that is aware of an argument does not abuse its discretion by not considering it. When a district court does not consider an argument because it is unaware of its power to do so, however, a remand is appropriate." 520 F.3d 746, 747-48 (quoting *United States v. Lewis*, 249 F.3d 793, 795 (8th Cir. 2001)). The Supreme Court held in *Kimbrough v. United States*, 552 U.S. 85, 91 (2007), that the Sentencing Guidelines's disparity between crack and cocaine is advisory and within the district court's discretion to consider during sentencing. Thus, a district court may issue a below-Guidelines sentencing range when the sentence is greater than

4

necessary to serve the objectives of sentencing as set forth in 28 U.S.C. 3553(a). *Id.* at 110.

Jones's sentencing hearing was held on May 19, 2009, while *Kimbrough* was decided on December 10, 2007. Thus at sentencing, Jones could have raised the issue of the disparity between the sentences of cocaine and crack, and argued that the Court should exercise its discretion by imposing a sentence below the Guidelines's range. Where a federal prisoner fails to raise his claim on direct review, the writ of habeas corpus is available only if the petitioner establishes "cause" for the waiver (i.e., ineffective assistance of counsel) and shows "actual prejudice resulting from the alleged . . . violation." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). Because Jones did not raise the 100:1 disparity between crack/cocaine during his sentencing, the issue was not adequately preserved. Moreover, given Jones's agreement about the amount and type of drugs involved in count one, there would be no actual prejudice from the alleged violation. Thus, the Court concludes that Jones's first ground for relief is without merit and, therefore, it is summarily dismissed.

In his second ground for relief, Jones, citing *United States v. Biami*, 548 F. Supp. 2d 661 (E.D. Wis. 2008), maintains that his sentence under U.S.S.G. § 4B1.1 as a career offender prohibited him from receiving a two-level reduction in his offense level pursuant to amendments 706 and 711 to U.S.S.G. § 2D1.1, effective on November 1, 2007. Jones argues that the Court was unable to use its discretion in selecting the advisory Guidelines's sentencing range set forth in § 2D1.1 for crack offenses because the Court was constrained by the Guidelines's sentencing range for career offenders under § 4B1.1. Thus, due to the change

5

in law announced in *Corner*, Jones argues that the Court, now, has discretion to sentence Jones under § 2D1.1 rather than under § 4B1.1.

Jones's argument is predicated on the notion that he should be resentenced under § 2D1.1 rather than under the career offender Guidelines because the Court, he maintains, has discretion to depart from the career offender Guidelines under *Corner*. However, as *Corner* points out, the career offender Guidelines set forth in § 4B1.1 "provides a benchmark that every judge *must* take into account." 598 F.3d at 415 (citing *Rita v. United States*, 551 U.S. 338, 351 (2007); *Gall v. United States*, 552 U.S. 38, 49 (2007)) (emphasis added). Therefore, the sentencing range for Jones, as advised under U.S.S.G. § 4B1.1, remains 235 to 293 months.

Under 18 U.S.C. § 3582(c)(2), a federal prisoner may be eligible for a reduction in their sentence only when amendments are designated for retroactive application in U.S.S.G. § 1B1.10(c). *See United States v. Perez*, 249 F.3d 583, 584 (7th Cir. 2001). The Federal Sentencing Commission has included amendments 706 and 711, generally reducing the sentences for crack offenses two levels, in U.S.S.G. § 1B1.10(c). However, U.S.S.G. § 1B1.10(c)(2) provides that:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if:
>
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Jones meets the exception under § 1B1.10(c)(2)(A). Neither amendment 706 nor 711 apply to Jones because he was not sentenced under § 2D1.1; rather, he was sentenced as a career offender under § 4B1.1.

Jones relies upon *Biami* in support of his argument for resentencing in light of *Corner*. Jones's reliance on *Biami*, however, misconstrues that decision. Biami argued that he should have been afforded resentencing, granting him the benefit of the two-level reduction in sentences for crack offenders through amendments 706 and 711, because § 2D1.1 was relevant to his sentence even though he was sentenced as a career offender under § 4B1.1. *Biami*, 548 F. Supp. 2d at 665, aff'd, Case No. 08-2152 (7th Cir. Feb. 2, 2009) (unpublished order). Biami's argument was similar to Jones's argument that the judge compares the sentencing range under § 2D1.1 and § 4B1.1 and determines which Guideline range to order, within his discretion. As the *Biami* court pointed out, "[u]nder the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1." *Id.*

As previously noted, *Corner* states that the sentencing judge *must* take § 4B1.1 into account when determining the sentence. Jones was determined to be a career offender. Thus, his Guidelines range was determined under § 4B1.1. Under *Corner*, the Court has discretion to sentence Jones below the Guidelines's range as determined under § 4B1.1. Section 2D1.1 is not relevant for the purposes of discretion. Moreover, Jones's argument that he should be sentenced below the Guidelines's range due to the 100:1 disparity between crack/cocaine is not relevant to Jones because he was convicted of conspiring to distribute five

kilograms or more of cocaine and 50 grams or more of crack. Even if the Court applied a 1:1 ratio to the 50 gram portion of his conviction, Jones would still have qualified for sentence under § 841(b)(1), which carries a statutory maximum of life. Under § 4B1.1, a statutory maximum of life will trigger a base offense level of 37. Therefore, Jones's second ground for relief is without merit and is summarily dismissed. His request for a stay of proceedings pending the Court of Appeals's decision in *Biami* is denied as moot, because the court of appeals issued its unpublished order in that matter on February 2, 2009.

Jones next contends, as his third ground for relief, that he is entitled to resentencing in light of recent decisions in the federal courts holding that the career offender Guidelines under § 4B1.1 are advisory, not mandatory. *See Corner*, 598 F.3d at 416 (overruling *United States v. Welton*, 583 F.3d 494, 497-98 (7th Cir. 2009); *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008); *United States v. Clanton*, 538 F.3d 652, 660 (7th Cir. 2008); *United States v. Millbrook*, 553 F.3d 1057, 1067 (7th Cir. 2009)).[1]

In *United States v. Welton*, the defendant plead guilty to a single count of distributing more than five grams of crack. 583 F.3d 494, 495 (7th Cir. 2009). The defendant qualified as a career offender and his offense level was 34 pursuant to U.S.S.G. § 4B1.1. *Id.*

---

[1] Jones cites *Vazquez v. United States*, ___ U.S. ___, 130 S.Ct. 1135 (2010), a memorandum issued by the Supreme Court on January 19, 2010, in support of his argument that the career offender guideline is advisory, not mandatory. By its memorandum, the Supreme Court vacated the judgment in *United States v. Vazquez*, 558 F.3d 1224, 1228-29 (11th Cir. 2009), at the government's request.

The Eleventh Circuit's 2009 *Vazquez* decision, now vacated, had upheld the sentencing court's determination that the career offender guideline, U.S.S.G. § 4B1.1 – which was the result of "direct congressional expression" – was distinguishable from *Kimbrough's* crack cocaine Guidelines, which were the result of implied congressional policy." Thus, the circuit court had held that the district court had not "procedurally erred when it declined to mitigate Vazquez's sentence due to its concern over the application of the career offender provision." *See* 558 F.3d at 1229. *See also*, *United States v. Merced,* 603 F.3d 203, 218-19 (3d Cir. 2010) (discussing career offender guideline and assuming that the government's concession that a sentencing court may vary downward from the career offender guidelines was well-grounded.)

8

at 495. His offense level was likewise reduced three levels for acceptance of responsibility, resulting in a final offense level of 31. *Id.* The Guidelines's advisory range was determined to be from 188 to 235 months. *Id.* The defendant then requested a below-Guidelines sentence based on the disparity between crack and powder cocaine. Put in perspective, had the defendant been convicted only of distributing five grams of cocaine, he would have faced a Guidelines range, as a career offender, of 151 to 188 months. *See* 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 4B1.1; U.S.S.G. Sentencing Table, Ch. 5, Pt. A. The district court rejected the defendant's request for a below-Guidelines sentence and he was sentenced to 188 months. *Welton*, 583 F.3d at 495-96. The Court of Appeals affirmed the district court's sentence, holding that *Kimbrough* had no effect on the defendant's sentence because career offenders were not entitled to any sentencing challenge based on the crack/cocaine disparity. *Id.* at 499.

The effect of *Welton* was that, although a district judge could disagree with the Guidelines's disparity between crack and powder cocaine, a judge was legally bound by the 100:1 crack/cocaine ratio when the defendant also was a career offender. *Corner*, 598 F.3d at 413. Therefore, a judge did not have the discretion to issue a below-Guidelines sentence when the defendant was also a career offender. However, *Welton* was overruled by *Corner*, which holds that the career offender Guidelines are advisory and a judge may issue a below-Guidelines sentence based on a disagreement with the Guidelines's disparity between crack and powder cocaine; although, the judge must still implement all statutory mandatory maximums and minimums in sentencing. 598 F.3d at 415-16; *see also*, *United States v. Womack*, __ F.3d __, No. 09-2488, 2010 WL 2541181, at *4 (7th Cir. Jun. 25, 2010).

The instant case is distinguishable in one key aspect from *Welton*, 583 F.3d at 495, *Corner*, 598 F.3d at 413, and *Womack*, 2010 WL 2541181 at *1, where the defendants, career offenders, plead guilty to distribution of crack.[2] The conspiracy to which Jones plead guilty involved the distribution of more than 50 grams of crack **and** more than five kilograms of powder cocaine. Distribution of more than 50 grams of crack and more than five kilograms of cocaine carry identical penalties under 21 U.S.C. § 841(b)(1)(A). Consequently, in this case, the disparity in sentencing between crack and powder cocaine for career offenders is not relevant because the basis of Jones's sentence is the conspiracy to distribute more than 50 grams of crack together with more than five kilograms of cocaine.

Even if the Court took the disparity into consideration, applying a 1:1 ratio, the amount of cocaine in the aggregate still amounts to more than five kilograms of cocaine. The crack/cocaine disparity is only relevant where a defendant has been sentenced for offenses involving the distribution of crack, **and** the sentence would have been lower if the defendant was convicted solely for distribution of the same amount of cocaine, rendering the sentence for the crack offense disparate from the same sentence for the cocaine offense. Jones did not receive a disparate sentence based on the Guidelines's crack/cocaine ratio. The Court concludes that Jones's third ground for relief is equally without merit and is summarily dismissed.

Finally, Jones contends that he received ineffective assistance of counsel because his attorney did not (1) raise the issue of the disparity in applying the Guidelines's 100:1

---

[2] The defendants in *Welton* and *Corner* plead guilty to offenses involving five grams of crack. *Womack* does not specify the amount of crack that was involved in the defendant's offense.

crack/cocaine ratio during his sentencing, (2) argue that amendments 706 and 711 to § 2D1.1 should apply to Jones, nor (3) argue that the calculation of his sentence as a career offender under U.S.S.G. § 4B1.1 should be considered advisory, not mandatory. To succeed on a claim of ineffective assistance of counsel during sentencing, Jones must demonstrate "1) that his representation at sentencing fell below an objective standard of reasonableness and 2) that a reasonable probability exists that, but for his attorney's unprofessional representation, the result of the proceeding would have been different." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). The Court is not required to analyze both prongs of the *Strickland* test if the Court determines that the alleged ineffective assistance of counsel did not sufficiently prejudice the petitioner. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

To the extent that Jones contends that his attorney was ineffective because he did not raise the disparity between powder cocaine and crack during sentencing, it is not reasonable to expect that an attorney must raise a fundamentally futile argument in order to be effective. The constitutionality of the Guidelines's 100:1 crack/cocaine ratio has been upheld against numerous challenges. *See Westbrook*, 125 F.3d at 1010. Thus, Jones did not suffer any prejudice from his attorney's failure to raise the disparity. Furthermore, Jones's base offense level pursuant to U.S.S.G. § 4B1.1 would still be calculated at level 37 because he was convicted of conspiracy to distribute more than 50 grams of crack *and* more than five kilograms of cocaine powder pursuant to 21 U.S.C. §§ 846 and 841(a)(1). There is no indication that Jones's sentence under the Guidelines was calculated by segregating the

distribution of cocaine and crack as two distinct conspiracy offenses; rather, his sentence was calculated regarding *the conspiracy* to distribute cocaine and crack as a single offense.

Jones maintains that his attorney was ineffective because he did not argue that amendments 706 and 711 to § 2D1.1, generally granting a two-level reduction for offenses involving crack, should be applied to Jones's sentence. As previously stated, amendments 706 and 711 do not apply to Jones's sentence because he was not sentenced under § 2D1.1, but was sentenced as a career offender under § 4B1.1. Because § 2D1.1 has no bearing on the calculation of Jones's sentence under the Guidelines, his attorney was not ineffective for not arguing that the amendments should be applied. Furthermore, Jones suffered no prejudice when his attorney did not raise this argument.

Jones also contends that his attorney was ineffective for not arguing that the career offender Guidelines under § 4B1.1 are advisory, not mandatory. The premise for Jones's contention is that his attorney should have anticipated a change in the law. Jones's sentence was imposed on May 19, 2009; and, the *Corner* court did not overrule prior case law, that had held U.S.S.G. § 4B1.1 to be different in kind from other Guidelines, until March 17, 2010. 598 F.3d at 416. It is not reasonable to expect attorneys to be prescient in predicting changes in the law, by consulting a crystal ball or reading tea leaves. *See Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005); *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995) (holding that attorney's failure to predict Sixth Circuit Court of Appeals's rejection of the Fifth Circuit's approach to the relevant conduct did not constitute ineffective assistance); *United States v. Gonzalez-*

12

*Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) (stating "[d]efendant faults his former counsel not for failing to find existing law, but for failing to predict future law. We agree . . . that clairvoyance is not a required attribute of effective representation."), overruled on other grounds by *United States v. Flowers*, 464 F.3d 1127, 1130 n.1 (10th Cir. 2006); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) (holding that "counsel is normally not expected to foresee future new developments in the law"). Therefore, based on the foregoing reasons, the Court concludes that Jones's fourth ground for relief that his attorney was ineffective is without merit and is summarily dismissed.

In closing, the Court notes that the conspiracy charge that Jones plead guilty to carried with it the potential of life imprisonment; however, Jones received 164 months (approximately 13 years). Jones was 34 years old at the time of sentencing. Considering the facts that Jones received a two-level reduction for his acceptance of responsibility; received an additional single-level reduction upon motion by the government; was granted his motion for downward departure, reducing his criminal history category from VI to V; and, received a further 30 percent reduction due to an overstatement of his criminal history, Jones's attorney provided ample counsel in limiting Jones's exposure to what could potentially have been a very significant sentence. Jones's sentence of 164 months is minimal compared to his initial Guidelines range of 360 months to life imprisonment.

In sum, Jones's motion under 28 U.S.C. § 2255 is summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Furthermore, Jones's request for an evidentiary hearing is denied

13
Case 2:10-cv-00409-RTR   Filed 07/02/10   Page 13 of 15   Document 3

because this action is summarily dismissed and there is no need for a further hearing on this matter. See Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Additionally, Jones is not entitled to a certificate of appealability ("COA"). "The district court must issue or deny a [COA] when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the District Courts (Eff. Dec. 1, 2009). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That requires, in turn, that the court's ruling be "debatable" among "jurists of reason." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The instant case does not satisfy that standard. Therefore, this Court declines to issue a COA.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Jones's motion under 28 U.S.C. § 2255 is **SUMMARILY DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts;

14

Jones's request for a stay in proceedings pending a decision in *United States v. Biami*, USCA Case No.08-2152, is **DENIED**;

Jones's request for an evidentiary hearing is **DENIED**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

The Court **DECLINES TO ISSUE** a certificate of appealability.

Dated at Milwaukee, Wisconsin this 2nd day of July, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**